UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-CR-95 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| ANDRE FEARON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 23, 2024, Defendant filed a motion requesting that the Court revoke the Magistrate Judge's prior order of detention, pursuant to 18 U.S.C. § 3145(b), and grant Defendant release pending sentencing pursuant to 18 U.S.C. § 3143. (ECF No. 19, PageID #71). On July 22, 2024, Defendant pleaded guilty to count one of the indictment, possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). (ECF No. 18). Defendant cites, "his ties to the area, including significant family ties, his age, and his lack of resources" as evidence that there is not a serious risk that he will flee. (ECF No. 19, PageID #72).

On July 24, 2024, the Government opposed Defendant's motion. (ECF No. 20). The Government argues that Defendant has not presented clear and convincing evidence that he is not a risk of flight because the evidence that Defendant cites in support of his motion is not new information and was considered by the Magistrate Judge at the time of the original detention hearing. (*Id.*). The Government contends that Defendant fleeing from law enforcement on two separate occasions continues to suggest that Defendant is a flight risk. (*Id.*).

Under 18 U.S.C. § 3145(b), Defendant may move for the Court to revoke or amend the Magistrate Judge's April 11, 2024 detention order. (ECF No. 13). However, now that Defendant

1

has pleaded guilty and is awaiting sentencing, the Defendant faces a heightened burden regarding release. The Court shall order that Defendant be detained pending sentencing unless the Court, "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). Both parties agree that Defendant is not subject to the additional requirements for release enumerated in 18 U.S.C. § 3143(a)(2), and the Court concurs. (ECF No. 19, PageID #72; ECF No. 20).

In his April 11, 2024 detention order, Magistrate Judge James E. Grimes, Jr. cited Defendant's prior attempts to evade law enforcement as the reason for detention, noting, "the Government presented evidence that Defendant has twice fled from law enforcement officials during the past year." (ECF No. 13). The details of Defendant's flight from law enforcement in this case are detailed in the factual basis of Defendant's written plea agreement. (ECF No. 18, PageID #67). The plea agreement states, "[u]pon seeing the agents approaching, Fearon jumped off the front porch and began fleeing from agents toward the back of the house. Fearon was apprehended after a short foot pursuit that ended three streets north of the residence." (*Id.*). Defendant does not address the second occasion he fled from law enforcement in his motion. However, the Government notes that at Defendant's detention hearing it presented evidence of Defendant fleeing from law enforcement on March 12, 2024. (ECF No. 20). The Government states, "[a]gents observed Fearon jump out of a second-floor window and flee on foot while throwing the frame of a Glock firearm." (*Id.*). Defendant has not presented any evidence to dispute those allegations.

In light of Defendant's two attempts to evade law enforcement in the year leading up to his detention in this case, the Court cannot find by clear and convincing evidence that Defendant is not likely to flee. As a result, Defendant has not met the criteria in 18 U.S.C. § 3143(a)(1) to

2

warrant release pending sentencing. Defendant's motion is **DENIED**. The Court notes that Defendant's time in custody, his behavior during that time, his age, and his lack of criminal history will be given due weight and consideration at sentencing.

**IT IS SO ORDERED.**

Date: July 30, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**